**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEPHEN G. MATTIS, :<br>:<br>          Petitioner, :<br>:<br>     v. :<br>STATE OF NEW JERSEY, et :<br>al., :<br>          Respondents. :<br>: | Civil No. 08-5393 (RMB)<br><br>**O P I N I O N** |

**APPEARANCES:**

Stephen G. Mattis, Pro Se
301 W. Delilah Road
Pleasantville, NJ 08232

**BUMB, District Judge**

Petitioner, Stephen G. Mattis, files this petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee. For the following reasons, the Court will dismiss the petition.

BACKGROUND

Petitioner states that on June 21, 1995, he pled guilty to one count of perjury in the Superior Court of New Jersey, Atlantic County. Petitioner is not detained, and states that he has served his sentence.

Subsequent to entering the guilty plea, Petitioner filed for post-conviction relief ("PCR") in the state court, alleging ineffective assistance of counsel, and that he was innocent of

the charge.  He files this habeas petition, under § 2241, claiming that he received ineffective assistance at the indictment and plea stage, and that there was prosecutorial misconduct.  Petitioner also claims that the sentencing judge/ PCR judge was biased as having a personal interest in a pending civil suit.

Petitioner does not inform the Court what relief he seeks in the habeas petition.

## DISCUSSION

Petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions

must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989);  see also 28 U.S.C. §§ 2243, 2255.

First, this Court notes that as Petitioner was a state prisoner, not a federal prisoner, his claims would fall under the purview of 28 U.S.C. § 2254, as they challenge a state court judgment.[1]

However, Petitioner has not alleged that he is "in custody" in violation of the Constitution or laws of the United States, as required by § 2254.  Instead, Petitioner states in his complaint that he is not in custody, is not detained, and has served his sentence on the perjury charge.  As the Court of Appeals for the Third Circuit has put it, "custody is the passport to federal

---

[1] Title 28 of the United States Code, section 2254 provides that the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

habeas corpus jurisdiction."  United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 560 (3d Cir. 1971), cert. denied, 409 U.S. 853 (1972).  "Custody" is defined not only as physical confinement, but would include circumstances entailing such limitations on a person's liberty as those imposed during parole.  See Maleng v. Cook, 490 U.S. 488, 491 (1989); see also Hensley v. Municipal Court, 411 U.S. 345 (1973) (habeas petitioner released on own recognizance, but who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement).  Nonetheless, a habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed.  See Maleng, 490 U.S. at 491.

Therefore, because Petitioner is no longer "in custody" under § 2254 for the conviction he seeks to challenge, and because Petitioner seeks to challenge a fully-expired state court conviction, the petition will be dismissed for lack of jurisdiction.  Instead, the proper vehicle to challenge an expired state court conviction is a petition for writ of error coram nobis, brought before the state court that imposed the challenged criminal judgment.  See Obado v. New Jersey, 328 F.3d 716, 718 (3d Cir. 2003).[2]

---

[2] To the extent the petition could be construed as seeking relief under 28 U.S.C. § 2254, no certificate of appealability shall issue.  Pursuant to 28 U.S.C. § 2253(c), unless a circuit

An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: January 14, 2009

---

justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find this Court's § 2254 jurisdictional ruling "debatable."