**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| STEPHEN G. MATTIS, : | |
| : | |
| Petitioner, : | Civil Case No. 08-5393(RMB) |
| : | |
| v. : | **O P I N I O N** |
| STATE OF NEW JERSEY, et : | |
| al., : | |
| Respondents. : | |

**APPEARANCES:**

Stephen G. Mattis, <u>Pro Se</u>
S-1 301 W. Delilah Road
Pleasantville, NJ 08232

**BUMB**, District Judge

This matter is before the Court on Petitioner's Motion for Reconsideration (docket entry 4), which seeks reconsideration by this Court of this Court's Opinion and Order, dated January 14, 2009 (docket entries 2 and 3), as well as Petitioner's motion to vacate the Opinion and Order of January 14, 2009 (docket entry 8).

Having considered the motions pursuant to Fed. R. Civ. P. 78, the Court will deny the motions.

## BACKGROUND

On October 31, 2008, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  In the Opinion dated January 14, 2009, dismissing the petition, this Court noted that Petitioner was not "in custody" for purposes of habeas jurisdiction, because he sought to challenge a fully-expired state court conviction.  (Opinion, docket entry 2, at pp. 1-2).

In his Motion for Reconsideration (docket entry 4), filed on February 4, 2009, Petitioner did not submit any arguments.  However, in May of 2009, Petitioner sent a letter to this Court requested that the motion for reconsideration be held "in abeyance," as he had determined that he had filed the motion out of time, and wished to file a motion pursuant to Federal Rule of Civil Procedure 60(b)(1) instead (docket entry 7).

On June 3, 2009, Petitioner filed the Motion to Vacate, pursuant to Rule 60(b) (docket entry 8).  Petitioner argues in the motion that habeas relief was available to him; that the "in custody" requirement for habeas jurisdiction is "excusable;" that Petitioner is actually innocent of his underlying conviction; that counsel was ineffective in his underlying conviction; that reputation is a protected liberty interest; that there were collateral consequences to his conviction; that dismissal of his civil suit by the criminal judge was improper; and that writs of

error coram nobis are no longer available in New Jersey courts. See Brief, docket entry 9.

## DISCUSSION

**A.   Rule 59(e)**

Federal Rule of Civil Procedure 59(e), concerning motions to alter or amend a judgment, states:  "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."  Further, Local Civil Rule 7.1(i), governing motions for reconsideration in this District Court, directs that such motions must be "served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."  As noted by Petitioner, his motion for reconsideration was filed well over 10 days, and thus was untimely.  Therefore, the motion for reconsideration will be dismissed.

**B.   Rule 60(b)**

Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

> applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

"The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978) (quoted in Coltec Industries, Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances."  Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'"  Rather, relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'"  "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify granting relief under it.'"

Tischio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998) (internal citations omitted).

Relief is available only in cases evidencing extraordinary circumstances.  See Ackermann v. United States, 340 U.S. 193 (1950); Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975).  A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." FDIC v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956).

4

To the extent a moving party seeks to relitigate the court's prior conclusions, Rule 60(b) is not an appropriate vehicle. "[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.' It follows therefore that it is improper to grant relief under Rule 60(b)(6) if the aggrieved party could have reasonably sought the same relief by means of appeal." Martinez-McBean v. Government of Virgin Islands, 562 F.2d 908, 911 (3d Cir. 1977) (citations omitted).

In this case, nothing presented by Petitioner challenges this Court's determination that Petitioner was not "in custody" at the time he filed his habeas petition. Thus, this Court ruling that there was no jurisdiction to entertain the habeas petition will stand.

Further, Petitioner has not demonstrated that he satisfies any of the reasons warranting 60(b) relief. Petitioner has not shown entitlement to be relieved from the judgment due to mistake, inadvertence, surprise, or excusable neglect, see Rule 60(b)(1); has not presented newly discovered evidence, see Rule 60(b)(2); and has not satisfied the criteria for Rule 60(b)(3)-(6).

Therefore, with regard to a Rule 60(b) motion, Petitioner has not demonstrated that he is entitled to relief from this Court's judgment of January 14, 2009. He simply seeks to

introduce the arguments presented in his habeas petition, and arguments pertaining to his underlying conviction.  Nothing Petitioner presents in his motion or brief convinces this Court that "extraordinary circumstances" exist which warrant 60(b) relief.  Thus, Petitioner is not entitled to relief under Rule 60(b) and his motion will be denied.

## CONCLUSION

For the reasons set forth above, Petitioner's motion for reconsideration will be dismissed as untimely; the motion to vacate will be denied.  An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

DATED: July 29, 2009

6